UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARRY KEATS CHENAULT,

           Plaintiff,

           v.

THE HONORABLE JOHN MCHUGH,
*Secretary of the Army*

           Defendant.

Civil Action No. 12-0814 (BAH)

Judge Beryl A. Howell

## MEMORANDUM OPINION

The plaintiff, Harry Chenault, has tried to obtain a retroactive promotion to Major from the United States Army for more than twenty years. *See* Compl. ¶ 6, ECF No. 1. He has been before Army review boards multiple times and now petitions this Court to "declare the decision of the Army Board for Correction of Military Records . . . denying relief to the plaintiff to have been in error." Compl. at 1. Pending before the Court is the defendant's Motion to Dismiss, ECF No. 9, for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the defendant's motion is GRANTED.

### I.    BACKGROUND

The plaintiff is a former active duty United States Army officer who was denied promotion to Major in 1986. Compl. ¶¶ 3, 8–9.[1] The plaintiff claims his non-promotion was based on the absence of an Officer Efficiency Report ("OER") from his file when it was

---

[1] The defendant submitted an "Appendix" ("App.") with its Motion to Dismiss including significant documentary evidence not contained in the pleadings. *See* Appendix, ECF No. 9-2. When considering a Motion to Dismiss under Rule 12(b)(1) "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)). As the plaintiff cites liberally to the Appendix in his opposition and does not dispute any facts contained therein, the Court will consider the Appendix where necessary.

1

reviewed by a Special Selection Board ("SSB").  *See id*. ¶¶ 8–9.  The plaintiff challenged his original OER for the first time in 1987 and succeeded in having an unfavorable OER removed from his Official Military Personnel File ("OMPF").  *See* Appendix ("App.") at 8, ECF No. 9-2. ("In September 1987 . . . [h]is OER as a company commander was accordingly deleted from his Official Military Personnel File.").  Following this challenge, he was again reviewed for promotion to Major but he was not successful.  *Id.*  The plaintiff was discharged from the Army on September 29, 1987.  *Id.*

In May 1989, the plaintiff applied for the second time to the Army Board for Correction of Military Records ("ABCMR" or "the Board") to be restored to active duty and promoted to Major, but his application was denied.  *Id*.  In October 1989, he applied for the third time to the ABCMR for reconsideration of the Board's May 1989 decision.  *Id*.  The plaintiff was reconsidered for promotion at that time and, again, his promotion was denied.  App. at 8–9.

Nearly ten years later, on June 22, 1997, the plaintiff for the fourth time applied to the ABCMR alleging "unjust influence" at the ABCMR in 1989 and that his "command OER" had not been placed in his file.  App. at 2.  On September 29, 1999, the plaintiff appeared before the ABCMR, seeking "to have a reconstituted . . . OER placed into his . . . OMPF for consideration by a . . . SSB . . . for promotion selection to Major" but was denied relief.  Compl. ¶¶ 5, 10.  The ABCMR found that the plaintiff's records as constituted did not "contain sufficient error to warrant further promotion reconsideration," concluding that his military file had already been amended and, in 1989, placed before an SSB, which then denied promotion.  App. at 11.  The plaintiff was notified of this decision by letter dated December 21, 1999. *Id.* at 13.

After this fourth unsuccessful attempt at being considered for promotion to major with a reconstituted OER, and nearly ten years later, on May 24, 2009, the plaintiff

applied for the fifth time to the ABCMR "alleging the same error by the ABCMR" as he had in 1997, and requesting essentially the same relief, namely that he "be placed before a [SSB] for consideration for promotion to Major for 1985 and 1986 [and at] the above requested SSB [his] reconstituted OER . . . be placed in [his] record for consideration." App. at 15. The plaintiff also requested other forms of relief in addition to those he had requested in earlier applications. App. at 18-19. The ABCMR again denied him relief by letter dated December 18, 2009. *Id.* at 24.

The plaintiff tried to appeal for a sixth time on June 28, 2010, this time through counsel, and "sought to reassert the position that the September 29, 1999, decision of the ABCMR was grounded in the myth that the reconstituted OER was placed in Plaintiff's OMPF and that an SSB occurred." Pl.'s Mem. Opp'n to Def.'s Mot. Dismiss ("Pl.'s Opp'n") at 3, ECF No. 10. The plaintiff also said the Board mischaracterized the 2009 decision as a "request for reconsideration." App. at 25. The Director of the ABCMR responded to the plaintiff on January 24, 2011, and noted the ABCMR was "returning your request without action," citing the one-year limit for requests for reconsideration for ABCMR matters that had not been previously reconsidered as prohibiting any further consideration by the ABCMR. App. at 29–30. The Director's letter set forth the plaintiff's numerous appeals, characterizing all of them as "reconsiderations" of prior cases. *Id.* at 29.

On May 21, 2012, approximately twenty-five years after the plaintiff was discharged from the Army and twenty-three years after his first appeal was denied, the plaintiff filed the instant complaint before this court alleging a violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq*. Compl. ¶ 1. He seeks the same relief he has already sought six times from the ABCMR, namely: "the insertion of the reconstituted OER into Plaintiff's OMPF"

3

and an "order that Plaintiff's records with the reconstituted OMPF go before an SSB for promotion consideration to Major . . . ." Compl. ¶ 21. The defendant moved to dismiss for lack of subject matter jurisdiction, citing the six year statute of limitations that applies to this case. This motion is now pending before the Court.

## II. LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Indeed, Federal courts are "forbidden . . . from acting beyond our authority," *NetworkIP, LLC v. FCC,* 548 F.3d 116, 120 (D.C. Cir. 2008), and, therefore, have "an affirmative obligation 'to consider whether the constitutional and statutory authority exist for us to hear each dispute.'" *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. National Academy of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992)).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff must establish the court's jurisdiction over the subject matter by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When considering a motion under Rule 12(b)(1), the court must accept as true all uncontroverted material factual allegations contained in the complaint and "construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal citations and quotation marks omitted). The court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions. *See Browning v. Clinton*, 292 F.3d 235, 242

4

(D.C. Cir. 2002). In evaluating subject-matter jurisdiction, the court, when necessary, may look beyond the complaint to "undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert*, 974 F.2d at 197.

## III. DISCUSSION

The plaintiff brought the instant action under the APA, *see* Compl., ¶ 1, which provides for judicial review of "final agency action." 5 U.S.C. § 704. Unless another statute prescribes otherwise, suits such at the instant one challenging final agency action pursuant to § 704, are subject to the statute of limitations set out in 28 U.S.C. § 2401(a), which requires that the action be commenced within six years after the right of action first accrues. *See Harris v. FAA*, 353 F.3d 1006, 1009-1010 (D.C. Cir. 2004). "Compliance with the limitations period is a condition of federal court jurisdiction." *Kendall v. Army Bd. for Correction of Military Records*, 996 F.2d 362, 366 (D.C. Cir. 1993). This Circuit has cautioned that "[u]nlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." *Spannaus v. United States Dep't. of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987); *see also Muwekma Ohlone Tribe v. Salazar*, 708 F.3d 209, 218 (D.C. Cir. 2013) ("The court lacks subject matter jurisdiction to hear a claim barred by section 2401(a).").

The six-year statute of limitations begins to run when the right of action first accrues, which is the date of the final agency action. *Harris v. FAA*, 353 F.3d at 1010; *see Impro Prods., Inc. v. Block*, 722 F.2d 845, 850-51 (D.C. Cir. 1983) ("the cause of action accrued when the agency action occurred"). In circumstances where an agency has re-opened a previously considered issue anew, the reopening doctrine allows an otherwise stale challenge to proceed.

*Nat'l Resources Def. Council v. EPA*, 571 F.3d 1245, 1265 (D.C. Cir. 2009) ("The reopening doctrine allows an otherwise stale challenge to proceed because 'the agency opened the issue up anew,' and then 'reexamined . . . and reaffirmed its [prior] decision.'") (quoting *P & V Enters. v. U.S. Army Corps of Eng'rs*, 516 F.3d 1021, 1023-24 (D.C. Cir. 2008)).  For this doctrine to apply, however, the agency must have, in light of "the entire context," "undertaken a serious, substantive reconsideration of the [existing] rule."  *P&V Enters.*, 516 F.3d at 1023-1024 (quoting *Nat'l Mining Ass'n v. U.S. Dep't of Interior*, 70 F.3d 1345, 1352 (D.C. Cir. 1995)) (internal quotations omitted).

Here, the final agency action occurred when the ABCMR made a final decision denying the plaintiff's request for relief.[2]  As the plaintiff concedes, agency actions denying a motion for reconsideration, which are filed more than six years after the original adverse decision, simply do not qualify as a "final agency action" for purposes of the statute of limitations.  Pl.' Opp'n at 6 ("The Defendant is correct in asserting that this Court has held the statute of limitations runs from the time of the adverse ABCMR decision, not from the date of a decision on reconsideration."); *see Maxberry v. Dep't of the Army*, No. 12-1280, 2013 U.S. Dist. LEXIS 93030, at *8 (D.D.C. July 3, 2013) ("Applications for reconsideration filed more than six years after an adverse board decision will not toll the statute of limitations."); *Lewis v. Sec'y of the Navy*, 892 F. Supp. 2d 1, 7 (D.D.C. 2012) (holding a case time-barred since "plaintiff did not seek reconsideration of the 1988 denial until more than six years after the adverse review board decision; accordingly, it is inappropriate to calculate the limitations period from the date of the 2009 reconsideration date"); *Cage v. McHugh*, No. 12-444, 2013 U.S. Dist. LEXIS 122780, at *6-7 (D.D.C. Aug. 28, 2013) (service member's cause of action accrued upon denial by ABCMR

---

[2] The ABCMR is an "agency" for purposes of the APA, which defines "agency" to include "each authority of the Government." 5 U.S.C. § 701(b)(1). *See Dickson v. Sec'y of Defense*, 68 F.3d 1396, 1401 (D.C. Cir. 1995).

of request for reinstatement, not the decision on reconsideration almost a decade later); *Nihiser v. White*, 211 F. Supp. 2d 125, 129 (D.D.C. 2002) ("[I]f an application [for reconsideration] is not filed within six years of the adverse review board decision, the period for filing suit [in federal court] does not run from the date of the decision on reconsideration, instead it runs from the date of the adverse review board decision") (citing *Bethke v. Stetson*, 521 F. Supp. 488, 489-91 (N.D. Ga. 1979)).

As the court in *Lewis* succinctly explained, "[i]nterpreting the statute of limitations to run from the date of the plaintiff's last administrative appeal, regardless of when the administrative appeal was filed, would allow the plaintiff to toll the limitations period indefinitely, which would certainly create a limitations period longer than Congress could have contemplated." 892 F. Supp. 2d at 7; *see also Cage*, 2013 U.S. Dist. LEXIS 122780, at *6-7 ("if the rule were interpreted otherwise, 28 U.S.C. § 2401(a) would be rendered meaningless because a plaintiff could toll the statute of limitations indefinitely by filing an endless series of motions for reconsideration.").

The parties dispute which of the ABCMR's denials of the plaintiff's requests constituted a final decision for the purposes of triggering the six year statute of limitations period under 28 U.S.C. 2401(a). The defendant asserts that the applicable adverse determination rejecting the plaintiff's request for relief was the ABCMR's December 21, 1999 letter denying the plaintiff's request for relief based on alleged errors committed by the ABCMR in the late 1980s. Def.'s Mem. at 7;[3] *see also* App. at 13. The plaintiff made no motion for reconsideration of this decision within six years, which might have tolled the statute of limitations. Thus, if the adverse

---

[3] The defendant relies on the ABCMR's 1999 action is the operative "final agency action" for the purposes of this case. *See* Def.'s Mem. at 7. Arguably, the 1999 ABCMR decision was itself a reconsideration of the 1989 decisions in which the plaintiff sought to have a "senior rater option OER" entered into his record and a new SSB convened. *See* App. at 8–9. For the purposes of the pending motion, it makes no difference whether the ABCMR's decision in 1989 or 1999 is deemed to be the "final agency action" since the result would be the same.

decision in December 1999 starts the limitations period, the plaintiff's time to file suit ended in December 2005, and this suit is time-barred. The plaintiff, on the other hand, asserts that the relevant adverse action occurred a decade later in the form of the ABCMR's December 15, 2009 letter denying the plaintiff's May 2009 request. Pl.'s Opp'n at 6.[4] The plaintiff argues that his May 2009 request was a "new and separate" action, not a reconsideration, and, therefore, the limitations period runs until December 15, 2015 and this suit is timely as a challenge to the ABCMR's determination in that action. *Id.* at 6.

Although the plaintiff does not explicitly refer to the reopening doctrine, as it has been applied in APA cases to re-start the statute of limitations period, his argument amounts to an invocation of this doctrine. Nevertheless, his argument is not persuasive. To support his characterization of his May 2009 request as "a new and separate action," rather than a request for reconsideration, the plaintiff claims there was a "new theory for relief" at issue. Pl.'s Opp'n at 6. The plaintiff does not specify what "new theory" was being raised, but an examination of the Board's 2009 decision indicates the Board did consider the relief requested to be a reconsideration, not a new claim.

Apparently, the plaintiff included, as part of his 2009 request, several claims relating to his Reserve status, in addition to the claims at issue in this action, and virtually all of the ABCMR's 2009 decision refers to the plaintiff's reserve status claims. *See* App. at 20–22. The Board only addressed the plaintiff's "request for an SSB" in a cursory fashion, noting he "has already been considered by an SSB for those years" and discounting the plaintiff's argument that

---

[4] Notably, in his opposition, the plaintiff picks a different date as "the final agency action," than the date of June 28, 2010 asserted in his complaint. Compl. ¶¶ 18-19 ("This request was denied on June 28, 2010. This was final agency action."). The reason that the plaintiff has shifted his focus to the 2009 decision is apparent, however, from the Board's response to the plaintiff's 2010 request. The Board's January 24, 2011 letter referring to the 2010 request stated "we are returning your request without action" because the plaintiff was not "eligible for further reconsideration by this board." App. at 30. Since no action was taken on the June 28, 2010 request, the Board's January 24, 2011 letter cannot be a "final agency action."

8

"the lack of evidence to show the results of the SSB is prima facie evidence that the applicant was not, in fact, considered by an SSB." *Id.* The Board concluded with an admonition that the proper time to raise this concern "was after [the plaintiff] received the proceedings of the Board's formal hearing."[5] *Id*.

Despite the plaintiff's characterization of the 2009 request, in light of the reiteration of his multiple prior requests, the ABCMR clearly considered his claim regarding the placement of a reconstituted OER in his OMPF to be a request for reconsideration of the 1999 decision. *See* App. at 19. Even if the plaintiff were correct that reference in the 1999 decision to an SSB taking place following the 1989 decision was in error, bringing that error to the attention of the Board in 2009 does not constitute a new action. The Board said as much when it reminded the plaintiff that he should have raised this concern at least a decade before. *See* App. at 22. Nor does the plaintiff's request for new forms of relief render his request a "new" action. If that were the law, the statute of limitations would be subject to extension dependent on the creativity of a claimant's counsel in framing the relief sought. That is simply not the law.

The plaintiff argues that the mere fact that "the ABCMR accepted the application, considered the evidence, and rendered a decision on the merits in connection with the 2009 application is conclusive proof that the 2009 application was a brand new, unique action . . . ." Pl.'s Opp'n at 4. In other words, the plaintiff contends that the ABCMR re-opened the prior administrative review. The plaintiff is incorrect. To the extent the ABCMR considered the plaintiff's claim that he was entitled to consideration for promotion to Major with a reconstituted OER, it unambiguously referred to the 1999 ABCMR opinion. *Compare* App. at 22 (the 2009 decision) ("It must be presumed that the ABCMR had evidence to support its statement that the

---

[5] It is unclear whether this refers to the 1989 or 1999 hearing but, again, no matter which hearing it refers to, the result would be the same.

applicant was considered by an SSB.") *with* App. at 9 (the 1999 decision) ("At the request of the ABCMR, the applicant's promotion was reconsidered by a special selection board with the altered first OER in place and with the proffered senior rater option company command OER entered into his record."). This is not, as is required if the reopening doctrine were to apply, the "serious, substantive reconsideration" "of a prior administrative decision." Instead, the Board's statement reflects a mere cursory examination of the previous record.

Thus, at best, the 2009 decision amounts to a reconsideration of the 1999 decision. Since the 2009 decision was filed more than six years after the 1999 decision, it does not operate to toll the six year statute of limitations, which therefore expired in December 2005, more than six years before the plaintiff filed the instant suit. Consequently, the plaintiff's challenge is time-barred by the APA's statute of limitations and this Court does not have subject matter jurisdiction to hear his claim. *See Kendall*, 966 F.2d at 366; *Spannaus*, 824 F.2d at 55.

## IV. CONCLUSION

For the aforementioned reasons, the plaintiff's claims are time-barred under 28 U.S.C. 2401(a), and this Court does not have subject-matter jurisdiction. Accordingly, the defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) is GRANTED.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 27, 2013

_____
BERYL A. HOWELL
United States District Judge